Tait ley, J.
delivered the opinion of the court.
In this case the judgment of the Circuit Court is sought to be reversed upon two grounds :
1. That a new trial should have been granted upon the weight of the proof.
We have so repeatedly said that we will not grant new trials, when refused by the circuit judge upon the weight of proof merely, if there be evidence upon which the verdict may be sustained, that It is unnecessary to reiterate it. We are not dissatisfied with this verdict, and without expressing any opinion as to the merits of the controversy,, hold that the jury might well find it upon the proof.
2. An arrest of judgment is moved for upon the ground that the finding of the jury is contradictory and inconsistent.
That there is an apparent inconsistency in the verdict is not to be denied; but it is not, in our opinion, such inconsistency as vitiates the verdict. The inconsistency, such as it is, arises out of the double pleading allowed by our statute. Under its provisions, the defendant pleaded in his defence, First: That he was not guilty of speaking the slanderous words sued for. Second: That he was not guilty of speaking them within six months next before the bringing the action. And, Third: That' he was justified in speaking them. Upon all these pleas there were issues, which were submitted to the jury and *216 found by them in favor of the defendant, by which it appears that the jury found that the defendant did not speak the words; that he did' not speak them within six months before the bringing the suit, and that he was justifiable in speaking them.
Now, the finding'of either of these issues in favor of the defendant would have warranted a judgment for him, and shall the finding all of them in his favor place him in a worse condition than he would have been if one had been for him and the others against him ? Surely not. If the inconsistency complained of, had been in finding a fact in favor of the defendant, which could not stand in connection with a fact found in favor of the plaintiff, or if the incon-consistency had been in finding two facts contradictory to each other, or which neutralized each other in reference to the same plea, then the verdict would be a nullity. because there would be nothing upon which a judgment could be given. And such, we think, must have been the case of Stearns vs. Barrett, in 1st Mason’s C. C. Rep. 153, which we have not been able to get, but which is referred to in 3d Peters’ Digest, 689, as holding that a verdict which finds two inconsistent material facts is void, and cannot be a foundation for a legal judgment.
But, such is not this case, for though it be true, in accurate expression, that words which have not been spoken cannot be said to have been truly spoken, yet it is equally true that it may be said that words which have not been spoken, if they had been, would have been truly spoken, and this is the light in which this finding is to be understood. The defendant relies upon the defence that he never spoke the words, but, for greater precaution, extends his ground so as to embrace his case, provided he had spoken them, and they were true.
*217 The defendant replies, you did speak them, and they are not true. Testimony is heard as to both issues, and the defendant proves that he did not speak them, and also that they, were true if he had spoken them, and the jury so find. This is no contradictory verdict, and instead of weakening the defence, has manifestly strengthened it. If the judgment were arrested, and a new trial were awarded, upon what issue would it be had? You cannot strike out either of the inconsistent pleas of not guilty and justification, and they both must be submitted again to the jury, who, from ought we can see, may again find them as before; the proof would warrant* it, and there is no way to prohibit such finding. The very fact that two such inconsistent pleas may be submitted at the same time, necessarily prohibits an arrest of judgment therefor.
We, therefore, upon both points, affirm the judgment of the Circuit Court.